## CIRCUIT COURT OF THE CITY OF LYNCHBURG

Industrial Development Authority
of the City of Lynchburg

v.

All Taxpayers, Property Owners,
and Citizens of the
City of Lynchburg et al.

March 23, 1990

By JUDGE MOSBY G. PERROW, III

The Industrial Development Authority of the City of Lynchburg (the "Authority") commenced this proceeding under § 15.1-214 of the 1950 Virginia Code, as amended, to establish the validity of bonds proposed to be issued by the Authority under the Industrial Development and Bond Act for the benefit of Liberty University. The defendants, Habel, Kabler, and McGuigan, have appeared in person and by counsel in opposition to validation under Section 15.1-217 of the 1950 Virginia Code, as amended. The interest of the named defendant infants and other persons under disability in this proceeding are represented by Richard D. Thompson, a discreet and competent attorney appointed guardian ad litem by the Court.

The defendants, Habel, Kabler, and McGuigan, maintain that the proposed issuance would violate the establishment clause of the First Amendment to the United States Constitution; that the proposed issuance would violate certain provisions of the Virginia Constitution; and, that the proposed issuance would violate the terms of the Industrial Development and Revenue Bond Act, § 15.1-1373, *et seq.* of the 1950 Virginia Code, as amended. The Court finds that certain other objections to the issuance raised by the defendants Habel and Kabler in their pleadings are

without authority or evidence to support them and have in effect been abandoned in the course of these proceedings. Upon careful consideration of all of the evidence and the well-reasoned arguments and memoranda of counsel, the Court is of the opinion that the proposed bond issue is valid.

### Findings of Fact

The plaintiff, The Industrial Development Authority of the City of Lynchburg, Virginia (the "Authority"), is a political subdivision of the Commonwealth of Virginia duly created pursuant to the Industrial Development and Revenue Bond Act, § 15.1-1373 *et seq.* of the Code of Virginia of 1950, as amended (the "Act").

The defendants, Nathaniel B. Habel, N. Haynie Kabler, and Jeff D. Somers, are taxpayers, property owners, and citizens of the City of Lynchburg, Virginia. Defendant Patrick B. McGuigan is a resident of the Commonwealth of Virginia and a state and federal taxpayer. All defendants are persons interested in or affected by the issuance of the bonds described herein.

This Court has jurisdiction over the parties and subject matter of this action.

Liberty University, Inc. (the "University") is a Virginia nonprofit corporation organized and existing under the laws of the Commonwealth of Virginia (the "Commonwealth").

The Authority is authorized pursuant to the Act to issue its revenue bonds for the purpose of undertaking the acquisition, construction, improvement, installation, and equipping of facilities as defined in the Act.

In furtherance of the Act's purposes, and at the request of the University, the Authority has determined to issue and sell its Educational Facilities Revenue Bonds in one or more series, in an aggregate principal amount not to exceed $60,000,000 (the "Bonds").

On October 5, 1989, the Authority conducted a public hearing in connection with the issuance and sale of the Bonds and the use of the proceeds thereof and duly adopted the resolution attached to Plaintiff's Motion for Judgment as Exhibit A.

On October 10, 1989, the City Council of the City of Lynchburg, Virginia (the "City Council") approved the resolution of the Authority. A copy of the resolution adopted by the City Council is attached to plaintiff's Motion for Judgment as Exhibit B.

The Authority has duly authorized the commencement of this proceeding pursuant to its resolution adopted on October 5, 1989.

The proceeds of the Bonds are to be used to acquire certain existing educational facilities and to acquire, construct, install, improve, and equip such facilities and additional educational facilities for sale to and use by the University (collectively, the "Facilities"), as more particularly described in paragraph 11.

The Facilities consist of certain lands, buildings, and equipment constituting substantially all of the main campus and the north campus at the University but specifically exclude the chapel, the School of Religion building, the multi-purpose building, and the facilities of radio station WRVL (the "Religious Facilities") which are located on the main campus. The Facilities, more specifically, include approximately forty-three existing buildings, including twenty-seven dormitories, five buildings used primarily for classrooms, two administrative buildings, a student center, an athletic center, and other miscellaneous buildings; four additional dormitory facilities and related buildings; a 12,000-seat stadium and a 10,000-seat convocation center which are under construction; and various other real and personal property improvements used by the University, including, but not limited to, highway improvements providing access to the main campus, all of which properties and facilities are located on a tract of land containing approximately 180 acres which is the site of the University's main campus at 3765 Candlers Mountain Road in the City of Lynchburg; and certain facilities including land, five buildings thereon, and equipment constituting the University's north campus and currently providing administrative and other offices for the University and facilities for use by the Liberty University School of Life Long Learning, which north campus facilities are located on a tract of land containing approximately fifty-two acres at 5100 Albert Lankford Drive (alternatively

referred to as 3100 Albert Lankford Drive) in the City of Lynchburg.

The University intends to use and will use the Facilities, as described above, as academic or administration buildings or any other structure or application usual and customary to a college campus other than chapels and their like. No proceeds of the Bonds will be used to finance any of the Religious Facilities.

The Authority will acquire the Facilities with the proceeds of the sale of the Bonds. The University will then purchase the Facilities from the Authority and will agree to cause the additional educational facilities to be constructed. As payment for its purchase of the Facilities, the University will make installment payments to provide funds sufficient to pay for the account of the Authority, the principal of, premium, if any, and interest on the Bonds as and when the same become due and make additional payments sufficient to pay and perform all other obligations of the Authority under the Bonds and the documents securing the Bonds and to make all other payments as required by the Trust Indenture.

The University is a private accredited and not for profit institution of collegiate education in the Commonwealth within the meaning of the Act, whose primary purpose is to provide collegiate or graduate education and not to provide religious training or theological education with respect to the facilities in question.

### Conclusions of Law

The Authority has complied with all statutory requirements as a condition precedent to the issuance and sale of the Bonds. Code of Virginia, §§ 15.1-1373 to 15.1-1392.

The proposed issuance and sale of the bonds in question to investors and the use of the proceeds thereof will be consistent with the stated policies and purposes set forth in the Act.

When issued, the Bonds will constitute valid and legal obligations of the Authority subject to the limitations described in § 15.1-1380 of the Act and Section 6 of the resolution attached to Plaintiff's Motion for Judgment as Exhibit A.

The issuance and sale of the Bonds and the use of the proceeds thereof do not violate the First Amendment of the United States Constitution nor Article I, § 16, and Article VIII, § 11, of the Constitution of Virginia. The issuance and sale of the Bonds by the Authority does not constitute state aid that would be proscribed by the establishment clause of the Federal or State Constitution.